### UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 25-10672-djb |
| Robin K. Williams, Sr., | Chapter 13 |
|     Debtor. | Hearing Date: October 16, 2025 |
| U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, | Hearing Time: 11:00 A.M. Location: 900 Market Street, Second Floor, Philadelphia, Pennsylvania 19107 |
|     Movant. | |
|       v. | |
| Robin K. Williams, Sr., | |
|     Debtor/Respondent, | |
| Karen Moore, a/k/a Karen Moore-Williams, | |
|     Co-Debtor/Respondent, | |
| KENNETH E. WEST, | |
|     Trustee/Additional Respondent. | |

### MOTION OF FOR RELIEF FROM THE AUTOMATIC STAY
### AND CO-DEBTOR STAY OF U.S. BANK TRUST NATIONAL ASSOCIATION NOT
### IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2
### ACQUISITION TRUST TO PERMIT FORECLOSURE
### OF 6207 MORTON STREET, PHILADELPHIA, PENNSYLVANIA 19144

U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("Movant"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the United States Bankruptcy Code ("Code") for a modification of the automatic stay provisions of the Code for cause, and, in support thereof,

states the following:

1. Robin K. Williams, Sr. ("Debtor"), filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code ("Code") on February 20, 2025.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 1, 2007, Robin Williams executed and delivered a Promissory Note ("Note") and, with Non-Filing Co-Debtor Karen Moore a/k/a Karen Moore-Williams a Mortgage ("Mortgage") securing payment of the Note in the amount of $60,000.00 in favor of Nationpoint, A Div. of FFFC, An Op. Sub. of MLB&T Co., FSB.  A true and correct copy of the Note is attached hereto as Exhibit "A".

4. The Mortgage was recorded July 9, 2007 at Instrument Number 51730051 of the Public Records of City of Philadelphia County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was secured as a lien against the real property located at 6207 MORTON STREET, PHILADELPHIA, PENNSYLVANIA 19144, (the "Property").

6. The parties entered into a Loan Modification ("Agreement") on January 24, 2018, creating a new principal balance of $57,532.75. A true and correct copy of the Agreement is attached hereto as Exhibit "C".

7. The loan was last assigned to U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2

ACQUISITION TRUST and same recorded with the City of Philadelphia County Recorder of Deeds on April 28, 2021, at Instrument Number 53823591. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D".

8. Secured Creditor is the holder of the note ("Noteholder"), and is either the original mortgagee, beneficiary or assigns of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

9. Based upon the Debtor(s) Chapter 13 Second Amended Plan ("Plan") (at Docket No. 27), the Debtor intends to cure pre-petition payment arrears due Movant through the Chapter 13 Plan and remains responsible for remitting all post-petition payments directly to Movant. A true and correct copy of the Second Amended Plan is attached hereto as Exhibit "E".

10. Karen Moore aka Karen Moore-Williams ("Co-Debtor"), is also liable on and/or has secured the aforementioned debt jointly with the Debtor(s).

11. Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $3,649.66 which came due from March 1, 2025 through September 1, 2025, less suspense of ($213.18) respectively. see Exhibit "F".

12. Thus, Debtor(s)' post-petition arrears total $3,436.48 through September 4, 2025. By the time of hearing on this motion, Debtor will also be obligated to make additional monthly payments that become due beyond the cure period alleged above. In addition, as this Motion for Relief is timely filed, if applicable, Debtor is also responsible for related legal fees and costs in prosecution of this action.

13. Currently, the unpaid principal balance due under the loan documents is $55,332.28.

Movant's total claim amount, itemized below, is $91,055.64.  <u>see</u> Exhibit "G".

| Principal Balance | $55,332.28 |
|---|---|
| Interest | $9,357.97 |
| Escrow Advance | $10,844.05 |
| Suspense Balance | ($663.06) |
| Fees | $224.75 |
| Accum. NSF Charges | $50.00 |
| Recoverable Balance | $1,294.77 |
| Total Payoff | $91,055.64 |

14. Debtor(s)' docketed schedules list the value of the Property as $127,250.00. A true and accurate copy of Debtor(s) Schedule A/B is attached hereto as Exhibit "H".

15. The subject Property is also encumbered by an additional lien in the amount of $800.00 from the Philadelphia Water Revenue Bureau.

16. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor failed to make installment payments or payments due under a court-approved plan on a secured debt or where Debtor(s) have no assets or equity in the mortgaged property.

17. As set forth herein, Debtor defaulted on the instant secured obligation by failing to tender monthly post-petition installment payments when they became due.

18. Secured Creditor further provides that its acceptance of partial payments in the instant matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.

19. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.

20. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST to take any and all steps necessary to exercise any and all rights it may have in the collateral property described herein, gain possession of said collateral property, seek recovery of reasonable attorney fees and costs incurred in this proceeding, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Date: September 15, 2025

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Sherri R. Dicks
SHERRI R. DICKS
PA Bar Number 90600
        Email: sdicks@raslg.com

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

In re:
**Robin K Williams, Sr.**

**CHAPTER:    13**

**Debtor(s)** | **CASE NO.    25-10672-djb**

## VERIFICATION

Property Address:
6207 MORTON STREET, PHILADELPHIA, PENNSYLVANIA 19144

Mortgage Servicer:
Selene Finance, LP

Post-petition mailing address for Debtor(s) to send payment:
Selene Finance LP, P.O. Box 660369, Dallas, TX 75266-0369

Mortgagor(s)/Debtor(s):
Robin K. Williams, Sr. Debtor, and Karen Moore a/k/a Karen Moore-Williams, Co-Debtor

Payments are contractually due:

Monthly ☒ Semi-monthly    ☐ Bi-weekly    ☐ Other

Each Monthly Payment is comprised of:
Principal and Interest.....    $258.65
R.E. Taxes......................    $0.00
Insurance.......................    $0.00
Late Charge...................    $0.00
Other..............................    $262.73    (Specify: Escrow)
**TOTAL**........................    $521.38

**POST-PETITION PAYMENTS** (Petition was filed on February 20, 2025)

| Date Received | Amount Received | Payment Amount Due | Payment Date Applied to | Amount to/from Suspense | Check Number |
|---|---|---|---|---|---|
| 03/01/2025 | DUE | $521.38 | 03/01/2025 | N/A | N/A |
| 04/01/2025 | DUE | $521.38 | 04/01/2025 | N/A | N/A |
| 05/01/2025 | DUE | $521.38 | 05/01/2025 | N/A | N/A |
| 05/06/2025 | ($213.18) | N/A | N/A | ($213.18) | N/A |
| 06/01/2025 | DUE | $521.38 | 06/01/2025 | N/A | N/A |
| 07/01/2025 | DUE | $521.38 | 07/01/2025 | N/A | N/A |
| 08/01/2025 | DUE | $521.38 | 08/01/2025 | N/A | N/A |
| 09/01/2025 | DUE | $521.38 | 09/01/2025 | N/A | N/A |

[Continue on attached sheets if necessary]

TOTAL NUMBER OF POST-PETITION PAYMENTS PAST DUE: 7 as of September 4, 2025.
TOTAL AMOUNT OF POST-PETITION ARREARS: $3,436.48 as of September 4, 2025.

I hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 1746 that the statements in the foregoing Pleading are true and correct to the best of my information, knowledge and belief.

Dated:    SEP 0 9 2025

Selene Finance LP
Mortgage Company

Christine Le    Bankruptcy Specialist
(Print Name and Title)

Jacksonville    FL
Location    Signature